IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JOHNATHAN BRANDT, §
TDCJ-CID NO. 1473331, §
 §
       Plaintiff, §
 §
v. §   CIVIL ACTION NO. H-12-2666
 §
TEXAS DEPARTMENT OF CRIMINAL §
JUSTICE - HOLIDAY UNIT, §
 §
       Defendant. §

**MEMORANDUM OPINION AND ORDER**

Johnathan Brandt, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a civil rights complaint against the TDCJ-CID Holiday Unit claiming that he is illegally confined in the TDCJ-CID because he has been denied credit for street time. Brandt alleges that an official at TDCJ-CID has informed him that he is entitled to the credit but that it has not been awarded. He seeks $100,000 in compensatory damages and 802 days of credit toward his sentence.

Brandt has no standing to seek damages in this suit. When an inmate files a civil rights complaint that challenges the legality of his confinement he must show that the criminal judgment for which he is being held has been overturned on direct appeal or in a post-conviction application for a writ of habeas corpus. See Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994). Challenges

regarding denial of time credit or dates of release are also subject to Heck's requirement. Kennedy v. State of Texas Pardons and Paroles, 136 Fed.Appx. 712 (5th Cir. 2005); Rooding v. Peters, 92 F.3d 578, 580-81 (7th Cir. 1996). See also Edwards v. Balisok, 117 S.Ct. 1584, 1589 (1997); Orange v. Ellis, 348 Fed.Appx. 69, 72 (5th Cir. 2009); Clarke v. Stadler, 154 F.3d 186, 189 (5th Cir. 1997).

Brandt alleges that he is being wrongly held pursuant to a decision by prison authorities, but he fails to show that the decision has been overturned by judicial action in a habeas proceeding or a decision by an appropriate administrative tribunal. Because the remedy he seeks is an accelerated release from prison, he must file a habeas petition. Kennedy, 136 Fed.Appx. at 713, citing Wilkinson v. Dotson, 125 S.Ct. 1242, 1247 (2005); Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996), citing, Serio v. Members of La. Bd. of Pardons, 821 F.2d 1112 (5th Cir. 1987).

This action is frivolous because it lacks an arguable basis in law. Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994). It will therefore be dismissed without prejudice to refiling when Brandt is able to comply with the Heck requirements. Clarke, 154 F.3d at 191.

Brandt has recently submitted a letter, which the court liberally construes to be a motion for voluntary dismissal. Although the court has determined that Brandt's civil rights

complaint has no basis, the motion (Docket Entry No. 7) will be granted to the extent that the claim presented in this action will be dismissed without prejudice if an order is issued on a habeas or administrative proceeding that reverses the decision regarding Brandt's time credits.

## Conclusion

The court **ORDERS** the following:

1. This prisoner civil rights complaint (Docket Entry No. 1), filed by inmate Johnathan Brandt (TDCJ-CID No. 1473331) is **DISMISSED WITHOUT PREJUDICE** as frivolous. 28 U.S.C. § 1915(e).

2. In the alternative, the Motion to Dismiss (Docket Entry No. 7) is **GRANTED**.

3. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number 512-936-2159; and the Pro Se Clerk's Office for the United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this 12th day of October, 2012.

SIM LAKE
UNITED STATES DISTRICT JUDGE